UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| YASMEEN H. AL-FAROUK,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, STATE OF HAWAII, JADE BUTAY, IN HIS CAPACITY AS CURRENT DIRECTOR; ANNE PERREIRA-EUSTAQUIO, IN HER CAPACITY AS FORMER DIRECTOR; DEBRA DAWN, IN HER CAPACITY AS APPEALS OFFICER; AND GOVERNOR JOSHUA BOOTH GREEN, AS HEAD OF STATE AGENCIES IN HAWAII;<br><br>          Defendants. | CIV. NO. 23-00385 LEK-KJM |

**ORDER: DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; GRANTING PLAINTIFF PARTIAL LEAVE TO FILE A SECOND AMENDED COMPLAINT; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On September 17, 2023, pro se Plaintiff Yasmeen H. Al-Farouk ("Plaintiff") filed a Complaint for Violation of Civil Rights, and on September 18, 2023, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 5.] On September 28, 2023, Plaintiff filed a First Amended Complaint for Violation of Civil Rights ("Amended Complaint"). [Dkt. no. 6.] The Court has considered the Application as a non-hearing matter pursuant

to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  For the reasons set forth below, the Amended Complaint is hereby dismissed with partial leave to amend.  Plaintiff will be allowed to file a second amended complaint as to some of the defendants named in the Amended Complaint to try to cure the defects in her claims.

## BACKGROUND

According to the Amended Complaint, Plaintiff is suing the State of Hawai`i ("State"); Hawai`i State Department of Labor and Industrial Relations ("DLIR"); Jade Butay, DLIR Director ("Butay"); Anne Perreira-Eustaquio, former DLIR Director ("Perreira-Eustaquio"); Debra Dawn, DLIR Appeals Officer ("Dawn"); and Joshua Booth Green, Governor of the State of Hawai`i ("Governor Green"), in their individual and official capacities (collectively "Defendants").  [Amended Complaint at pgs. 1-3.]  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges Defendants, directly or indirectly as the responsible parties for DLIR, violated her rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Haw. Rev. Stat. Chapter 383 Hawaii Employment Security Law, and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  [Id. at pgs. 3-4.]

Plaintiff alleges that, as of September 1, 2019, she was working full time as an on-site contractor in Hawai`i, and she worked remotely from Nevada from November 2019 until May 1, 2020. Covid prevented her from returning to Hawai`i, and led to eventual unemployment. [Id. at pg. 4.]

The allegations concerning her application for unemployment benefits and the resulting process are unclear. Plaintiff alleges she was instructed to apply for Pandemic Unemployment Assistance ("PUA") in Hawai`i, "which [she] did and received a monetary determination confirming eligibility on October 7, 2020." [Id.] Plaintiff also alleges receipt of

> several denials, stating "I am eligible for PUA" "I am not eligible for PUA because I am not unemployed, partially employed . . . . ect. [sic]", "I may be eligible for regular unemployment benefits", "I am eligible for regular unemployment benefits", "I am not eligible for regular unemployment benefits" and the last one denying PUA benefits.

[Id.] Plaintiff alleges she "worked for less than two months through a staffing agency W2 or as an employee." [Id.] Plaintiff contends she knew she was not eligible for unemployment insurance ("UI") benefits because she "didn't have enough earnings and . . . voluntarily separated from this job." [Id.]

Plaintiff alleges a claims agent told her they required a letter showing she was denied UI benefits, and then

3

they could pay PUA benefits.  Plaintiff alleges it took three months to resolve the double registration for PUA and UI.  Instead of being denied, Plaintiff received a determination stating she qualified, but providing no monetary information, and Plaintiff states "nothing happened after that."  [Id.]  It is unclear whether that determination was for PUA or UI, because Plaintiff also alleges "[r]egular UI never provided a monetary determination and after contacting local representatives, the mayor, the governor, and anyone else I could think of I was interviewed by two agents and finally got a denial letter from UI after more than a year."  [Id.]  Plaintiff alleges:

> PUA ignored my many pleadings.  Director Perrieira-Eustaquio was advised and aware of the issues surrounding my claim and did nothing to resolve.  I filed 2 appeals, but no hearing was scheduled until recently.  I received a notice for a sham of a hearing on August 31, 2023, from Debra Dawn nearly three years later expecting me to go through a process of potential denial, appeal, and judicial review through the court.

[Id.]

Plaintiff requests monetary damages for the deprivation of her rights under the Due Process Clause, $100,000 in damages for unemployment insurance fraud and negligence, punitive damages, and any other appropriate relief.  [Id. at 5.]  Plaintiff alleges the "failure in the management of [her] claim for 'emergency' unemployment benefits" resulted in the loss of Plaintiff's savings, default on credit cards, a negative credit

4

score, the loss of household furniture, and the inability to rent her own separate residence apart from family members. [Id.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.")[.] . . .

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

I. **Eleventh Amendment**

"A § 1983 claim for damages is not cognizable against the state, arms of the state, or state officials sued in their official capacities. Such parties are not 'persons' under § 1983 and cannot be held liable for money damages under

§ 1983." Bridge Aina Le`a, LLC v. Hawai`i Land Use Comm'n, 125 F. Supp. 3d 1051, 1073 (D. Hawai`i 2015) (some citations omitted) (citing Thornton v. Brown, 757 F.3d 834, 839 (9th Cir. 2013)).[2]  In addition, the Eleventh Amendment bars suits for monetary damages or injunctive relief against state agencies. Shaw v. Cal Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).  "The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.  It does not, however, bar claims for damages against state officials in their **personal** capacities." Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) (emphasis in original) (citations omitted).

To the extent Plaintiff seek damages from the State, DLIR, and Butay, Perreira-Eustaquio, Dawn, and Governor Green, in their official capacities (collectively "State Official Defendants"), these claims are barred by the Eleventh Amendment and must be dismissed.  Because it is absolutely clear that Plaintiff cannot cure the defects in her claims against the State and DLIR, the dismissal is with prejudice, in other words, without leave to amend.  See Lucas, 66 F.3d at 248.

It is arguably possible for Plaintiff to cure the defects her claims against the State Official Defendants by

---

[2] The Ninth Circuit affirmed this decision in 950 F.3d 610 (9th Cir. 2020).

amending her claims against them to seek only "**prospective** relief from ongoing violations of federal law[.]"  See Koala v. Khosla, 931 F.3d 887, 895 (9th Cir. 2019).  The dismissal of Plaintiff's claims against the State Official Defendants is therefore without prejudice.

## II. Failure to State A Claim

As to Butay, Perreira-Eustaquio, Dawn, and Governor Green, in their individual capacities ("Individual Defendants"), Plaintiff fails to plead sufficient factual allegations to state plausible § 1983 claims.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)).

Plaintiff appears to be asserting her Fourteenth Amendment due process rights were violated by the mismanagement of her PUA benefits application.  However, there are insufficient allegations from which this Court could determine, *inter alia*: whether Plaintiff qualifies for PUA benefits; how long the DLIR took to process her PUA application; when and precisely what Plaintiff appealed; and if Plaintiff participated

8

in the DLIR's review process, including if Plaintiff attended the hearing scheduled for August 31, 2023.  As such, Plaintiff failed to state plausible § 1983 claims against the Individual Defendants for violation of her Fourteenth Amendment due process rights.

Plaintiff § 1983 claims against the Individual Defendants also fail because she has not sufficiently alleged a protected property interest.  A plaintiff bringing a due process claim must show that there is a protected property or liberty interest at stake.  Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972).  Plaintiff has not sufficiently alleged that she is entitled to PUA benefits.  Plaintiff has alleged that she applied for PUA benefits, had a hearing on the matter on August 31, 2023, and appears not yet to have heard a determination.  [Amended Complaint at pg. 4.]

> "To have a property interest, a person clearly must have more than an abstract need or desire." Nunez v. City of L.A., 147 F.3d 867, 872 (9th Cir. 1998).  "A mere 'unilateral expectation' of a benefit or privilege is insufficient; the plaintiff must 'have a legitimate claim of entitlement to it.'"  Id. (quoting Roth, 408 U.S. at 577); see also Doran v. Houle, 721 F.2d 1182, 1186 (9th Cir. 1983) (The "mere fact a person has received a government benefit in the past, even for a considerable length of time, does not, without more, rise to the level of a legitimate claim of entitlement.").
>
> Protected property interests are not created by the Constitution, but by "existing rules or

> understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005) (citing Roth, 408 U.S. at 577). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." Wedges/Ledges of Cal. [v. City of Phoenix], 24 F.3d [56,] 62 [(9th Cir. 1994)] (internal quotation omitted); see also Town of Castle Rock v. Gonzales, 545 U.S. 748, 760, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) (noting that property interests arise only when the relevant state law provisions "truly ma[k]e [the conferral of the benefit] mandatory").

Hi-Tech Rockfall Const., Inc. v. Cnty. of Maui, No. CV 08-00081 DAE-LEK, 2009 WL 529096, at *13 (D. Hawai`i Feb. 26, 2009) (some alterations in Hi-Tech Rockfall). Plaintiff does not allege sufficient factual allegations that, if proven, would show that she has a legitimate claim of entitlement to PUA benefits.

Finally, Plaintiff's § 1983 claims against the Individual Defendants fail because she has not sufficiently alleged how each of the Individual Defendants was involved in the violation of her rights.[3]  See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

---

[3] Plaintiff alleges Dawn sent her the "notice for a sham of a hearing on August 31, 2023." [Amended Complaint at pg. 4.] However, that allegation alone is insufficient to support a reasonable inference that Dawn violated Plaintiff's constitutional rights.

10

defendant, through the official's own individual actions, has violated the Constitution."). Therefore, Plaintiff's § 1983 claims against the Individual Defendants fail to state plausible claims for relief and must be dismissed. See Iqbal, 556 U.S. at 678.

## IV. Application

Insofar as the Amended Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Plaintiff files a second amended complaint. If any portion of Plaintiff's second amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

Based on the foregoing, Plaintiff's First Amended Complaint for Violation of Civil Rights, filed September 28, 2023, is HEREBY DISMISSED. The dismissal is WITH PREJUDICE as to Plaintiff's claims against the State and DLIR, but the dismissal is WITHOUT PREJUDICE to the filing of a second amended complaint against Butay, Perreira-Eustaquio, Dawn, and Governor Green, in their individual and official capacities. Plaintiff is GRANTED leave to file her second amended complaint by

11

**December 12, 2023.** The second amended complaint must comply with the terms of this Order.

The Clerk's Office is DIRECTED to terminate the State and DLIR as parties on **October 26, 2023,** unless Plaintiff files a timely motion for reconsideration of this Order.

Finally, the Court RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 18, 2023. If Plaintiff chooses to file a second amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 13, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**YASMEEN H. AL-FAROUK VS. STATE OF HAWAII, ET AL; CV 23-00385 LEK-KJM; ORDER: DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; GRANTING PLAINTIFF PARTIAL LEAVE TO FILE A SECOND AMENDED COMPLAINT; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**